The United States District Court For The
Western District of Louisiana
Shreveport Division

| | | |
|---|---|---|
| Jewell Anthony Wagner | § | |
| | § | |
| vs. | § | C.A. No.  5:13-CV-1564 |
| | § | |
| FedEx Freight, Inc., Wesley Davis, | § | Jury Trial Demanded |
| Protective Insurance Co., and | § | |
| The Kansas City Southern Railway Company | § | |

## Complaint

To The Honorable Judge of Said Court:

Comes Now Jewell Anthony Wagner, complaining of FedEx Freight, Inc., Wesley Davis, Protective Insurance Co. (herein after referred to as "Trucking Defendants") and The Kansas City Southern Railway Company (herein after referred to as "KCS") for cause of action would show unto this Honorable Court as follows:

## Parties

1.      Plaintiff, Jewell Anthony Wagner, is a railroad worker and a resident and citizen of the State of Louisiana.

2.      Defendant FedEx Freight, Inc. ("FedEx") is a foreign corporation doing business in the State of Louisiana.  Service of process may be had upon its registered agent, C.T. Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

3.      Defendant FedEx Freight, Inc. is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District.

4.      Defendant Wesley Davis ("Davis") is an individual residing in the State of Louisiana. Service of process may be had upon Defendant Davis at 1640 West Lincoln Rd., Lake Charles, LA 70605.

5.      Defendant Protective Insurance Co. is a foreign insurance company doing business in the State of Louisiana and provided liability insurance and coverage for the harms described herein. Service of process may be had upon the secretary of state by serving: Tom Schedler, Twelve United Plaza, 8585 Archives Ave., Baton Rouge, LA 70809.

6.      Defendant KCS is a foreign corporation which resides in and is subject to personal jurisdiction in the Western District of Louisiana in that it has regular and systematic contact with this District.  Service of process may be had upon Defendant KCS by serving its registered agent C. T. Corporation System, 5615 Corporate Boulevard, Suite 400B, Baton Rouge, Louisiana 70808.

7.      At all times mentioned in this complaint, Defendant KCS was a common carrier by railroad engaged in interstate commerce through and between the several states.  At all relevant times, Mr. Wagner was employed by Defendant KCS to further those activities.

## Venue and Jurisdiction

8.      Plaintiff's rights and remedies against Defendant KCS arise under the Federal Employers' Liability Act, 45 U.S.C.§51, et seq., this court has jurisdiction in this case pursuant to Federal Employers' Liability Act, 45 U.S.C. Section 51, et seq.  Jurisdiction is also proper given the complete diversity of the parties.

9.      Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391(b)(1-2) in that the cause of action arose in the Western District of Louisiana and Defendants reside in the

Western District of Louisiana and have regular and systematic contacts with this District and the cause of action arose in this district.

**Facts**

10.      On or about April 3, 2013, Mr. Wagner was a passenger on a KCS' locomotive working as a conductor.  At that time, Trucking Defendants improperly and illegally drove their tractor-trailer in front of KCS' clearly visible on-coming train at a grade crossing.  Trucking Defendants thereby negligently caused a wreck with the KCS' train.  Mr. Wagner suffered injuries to his back and other parts of his body.  The wreck occurred due to KCS and Trucking Defendant's negligence.

**Cause of Action Against Trucking Defendants**

11.      Defendants FedEx Freight, Inc. and Wesley Davis, acting by and through its agents, servants or employees, negligently operated the tractor-trailer that collided with the locomotive Mr. Wagner was riding in and caused the subject collision.  In addition, Trucking Defendants negligently entrusted the vehicle in question to its agents, servants or employees involved in the crash.  Trucking Defendants also negligently hired and retained its agents, servants or employees involved in the crash.  The negligence in question of Trucking Defendants, singularly, in combination, or in the alternative was a proximate cause of Mr. Wagner's injuries.

12.      Specifically, but not limited to the following, Trucking Defendants acting through their agents and employees, were negligent in the following particulars:

a)      In failing to keep and maintain a proper lookout;

b)      In failing to operate the vehicle at a safe and reasonable speed under the circumstances;

3

c)      In improperly blocking the tracks with a portion of the vehicle;

d)      In failing to give a reasonable warning;

e)      In failing to pay attention and avoid the wreck; and

f)      In failing to operate the vehicle in a safe manner.

13.     In addition, Trucking Defendants unreasonably violated its duties to Mr. Wagner and violated state laws and statutes.  Trucking Defendants also violated federal law, regulations and rules including but not limited to the federal motor carrier safety regulations.  Trucking Defendant's violations amounted to negligence per se.

## FELA Cause of Action

14.     Mr. Wagner, while performing his duties as a worker in the transportation department and while acting in the course and scope of said employment, suffered injury to his back and other parts of his body as the result of the collision on April 3, 2013.  The injury to Mr. Wagner was due in whole or in part to the negligence of KCS, its agents, servants, or employees acting in the course and scope of their employment.  Specifically, but without limitation, KCS failed to provide Mr. Wagner with a safe place to work.

15.     The injury was caused by the negligence of KCS, its agents, servants or employees acting in the course and scope of their employment.  Specifically, but without limitation, KCS failed to provide Mr. Wagner with a safe place to work; failed to safely inspect, repair and maintain; failed to warn; failed to provide reasonably safe equipment including restraints and padding, failed to establish and enforce proper safety procedures; failed to follow applicable rules, regulations, codes and industry standards and failed to properly instruct, supervise and train.

4

**Damages**

16.     As a proximate and legal result of Defendants' negligence and wrongdoing, Mr. Wagner has suffered serious injuries and permanent impairment to his body.  These injuries have had a serious effect on Mr. Wagner's health and well-being.

17.     Because of the nature and consequences of his injuries, Mr. Wagner has suffered great physical and mental pain, suffering and anguish in the past and future.

18.     At the time of the incident complained of, Mr. Wagner was gainfully employed.  Mr. Wagner has lost wages and benefits in the past and will have a loss of future earning capacity.

19.     As a further result thereof, Mr. Wagner has incurred expenses for medical care and attention, such as physicians' fees, medical supplies, appliances, medicine, hospitalization and nursing service in the past and future.  These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of above.  The charges for the said expenses were reasonable and they were the customary charges made for such services in the area in which they were rendered.

20.     As a further result of the injuries sustained by Mr. Wagner, he will, within reasonable medical probability, incur future expenses for his medical care and attention.

21.     As a result of the incidents complained of herein, Mr. Wagner has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment.

WHEREFORE, PREMISES CONSIDERED, Mr. Wagner requests that Defendants be summoned to appear and answer, and that upon final trial, judgment be rendered against Defendants, in excess of SEVENTY-FIVE THOUSAND AND NO/100THS DOLLARS ($75,000.00), exclusive

of interest and costs, pre-judgment interest, plus post-judgment interest at the legal rate from

Defendants, and for all costs of court.  Mr. Wagner would further pray for any such other relief, both

at law and in equity, to which he may show himself justly entitled.

**PLAINTIFF DEMANDS A JURY TRIAL**

Respectfully submitted,


/s/ Bristol Baxley
Bristol Baxley, La. Bar No. 30199
Rome, Arata & Baxley, LLC
9307 Broadway, Ste. 309
Pearland, Texas 77584
281-993-0000
281-993-0035 Fax

ATTORNEY FOR PLAINTIFF